COMMONWEALTH *vs.* EULALIO RODRIQUEZ. No. 06-P-1807. October 3, 2007. *Search and Seizure,* Reasonable suspicion. *Constitutional Law,* Search and seizure, Reasonable suspicion. *Practice, Criminal* Findings by judge, Motion to suppress.

The Commonwealth appeals from a District Court judge's order suppressing evidence obtained as a result of the stop of the defendant's motor vehicle. Although the motion judge's factual findings are sparse, the essential dispositive facts are not contested and permit us to resolve the appeal without remand for additional factual findings.[1] Compare *Commonwealth* v. *Isaiah I.,* 448 Mass. 334, 337 (2007).

Michael Ball, a Salem police dispatcher, received a 911 telephone call[2] from an individual who identified himself as a driver for Community Taxi. The caller told Ball that someone had just backed up and hit his motor vehicle at the corner of Proctor Street and Highland Avenue. The caller also provided specific information regarding the car that hit his vehicle, including make, model, color, and license plate number. Before Ball could inquire further, the caller hung up. Moments later, the caller made a second call. He told Ball that the other vehicle had pulled away outbound on Highland Avenue and that he was in pursuit. Contemporaneously, Ball relayed this information to Officer Erik Manninen, who was operating car 24 on Highland Avenue.

Within three to four minutes, Manninen observed the described vehicle stopped in traffic on Highland Avenue near the Lynn city line. Based upon the information received in the dispatch, Manninen pulled his police cruiser alongside the other vehicle, rolled down his window, and signaled the operator

---

[1]There is no dispute that the 911 caller, who was told that his call was being recorded, did not identify himself by name, but as a driver for Community Taxi. There is also no dispute regarding the existence of a turret tape of that call, although the tape was not introduced in evidence. See *Commonwealth* v. *Isaiah I.,* 448 Mass. 334, 337 (2007), and cases cited (appellate courts may supplement judge's factual findings if evidence uncontroverted and undisputed, and judge implicitly credited witness's testimony).

[2]All calls to the Salem police department are recorded, a fact that is told to each caller.

to stop. In the course of that stop, Manninen made observations that led to the defendant's arrest for operating a motor vehicle while under the influence of intoxicating liquor.

In allowing the defendant's motion, the judge concluded that a lack of information as to the telephone caller's identity rendered his reliability insufficient to support a reasonable suspicion of criminal activity. See *Commonwealth* v. *Lyons*, 409 Mass. 16, 18-19 (1990). The Commonwealth contends that the caller provided sufficient identifying information to render him identifiable and, therefore, one whose reliability is deserving of greater consideration than an anonymous source. We agree. The case is controlled in all material respects by *Commonwealth* v. *Costa*, 448 Mass. 510, 515-517 (2007). See also *Commonwealth* v. *Love*, 56 Mass. App. Ct. 229, 232-235 (2002); *Commonwealth* v. *McDevitt*, 57 Mass. App. Ct. 733, 737-738 (2003).

Contrary to the motion judge, we conclude that the information provided by the caller possessed the requisite indicia of reliability to give rise to a reasonable suspicion that the defendant's vehicle had left the scene of a motor vehicle accident "after knowingly colliding with or otherwise causing injury to any other vehicle, or property" without stopping and making known his name, residence, and the registration number of his motor vehicle. See G. L. c. 90, § 24(2)(a). The 911 calls established both the basis of the caller's knowledge and his reliability.[3] The caller identified himself as a driver for Community Taxi; apprised police that his vehicle had just been struck by another vehicle at a defined location; described in detail the offending vehicle and the direction in which it had driven off; and indicated that he was in pursuit. Within a few minutes, Manninen observed the described vehicle stopped in traffic a short distance away. More was not required to render the caller reliable and provide Manninen with reasonable suspicion to stop the vehicle.

The caller's reliability is established because he provided the police sufficient identifying information to be deemed identifiable. He "placed [his] anonymity sufficiently at risk such that [his] reliability should have been accorded greater weight than that of an anonymous informant." *Commonwealth* v. *Costa*, 448 Mass. at 517. He reported an accident and told the 911 dispatcher the name of his employer (Community Taxi) and his location at the time of his call. See G. L. c. 269, § 13A (rendering criminal the knowing and intentional making of a false report of a crime to police). Armed with such information, little effort would later be required to contact Community Taxi and ascertain the identity of the driver who was working at that location in the city on that day and time.[4]

We reject the contention that the caller's failure to identify himself by name rendered him an unnamed and anonymous informant. Indeed, we see no meaningful distinction between a caller who identifies himself by name (e.g., John Smith) and one who identifies himself by specific reference to his named employer. See *Commonwealth* v. *Wilson*, 441 Mass. 390, 392, 395-396 (2004) (caller who identified himself as "Stella's Pizza" deemed identifiable).

The order allowing the defendant's motion to suppress is reversed, and the

---

[3]The caller's basis of knowledge is not at issue, being based on his first-hand observation and involvement. See *Commonwealth* v. *Alfonso A.*, 438 Mass. 372, 374 (2003).

[4]The turret tape of the call could potentially serve as an additional means of identifying the caller with Community Taxi by his voice.

matter is remanded to the District Court for further proceedings consistent with this decision.

*So ordered.*

*David F. O'Sullivan*, Assistant District Attorney, for the Commonwealth.

*Astrid H. afKlinteberg* for the defendant.